UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CR353SNL(MLM) |
| ) | |
| SHARON ANN WATKINS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the Motion of Defendant Sharon Ann Johnson for Severance. This defendant is charged as "Sharon Ann Watkins a/k/a Sharon Hayes and Sharon Johnson." Because she is charged as Sharon Ann Watkins, she will be referred to as such herein, even though she apparently prefers to be referred to as Sharon Ann Johnson.

This is a ten count indictment in which defendant Watkins is charged in Count 1 with Conspiracy to Defraud the United States. Co-defendant Jacqueline Hayes is also charged in Count 1 and, in addition, is charged in Counts 2-7 with Willful Failure to Pay Over Employment Taxes and in Counts 8-10 with Misuse of a Social Security Number.

Defendant Watkins' Motion alleges that there is a substantial difference between the amount, gravity and nature of the wrongful actions alleged against the two defendants and that therefore the jury will be confused and may attribute defendant Hayes' acts to defendant Watkins. In addition, defendant Watkins' Motion alleges that defendant Hayes made statements to government agents incriminating herself and defendant Watkins in Count 1. The Motion alleges that if such testimony were offered at trial, defendant Watkins would not be able to cross examine defendant Hayes in violation of defendant Watkins' Sixth Amendment rights. Also, defendant Watkins believes defendant Hayes' statements exculpate defendant Watkins with regard to the

remaining counts. Defendant Watkins alleges that a separate trial would allow defendant Watkins to call defendant Hayes as a witness to exculpate her from the other counts.[1]

Defendant has moved for severance of defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure. In determining whether a defendant is entitled to a separate trial, the court must first decide whether joinder was proper under Rule 8(b) and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986), quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. E.g., United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). In determining before trial whether or not joinder was proper, the court must see whether this factual interrelationship is alleged in the indictment. Id. at 655; United States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); see also United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). In this case, the defendants are sisters who, through their companies, provided homemaker and personal care services to elderly and disabled clients in their homes. Defendant Hayes was the owner, director and president of Complete Care (another defendant in this case). Defendant Watkins was president of Watkins Loving Care Home Health Agency (another defendant in this case). Both companies employed, *inter alia*, various relatives of defendant Hayes and defendant Watkins. Both companies participated in the Missouri Medicaid Program and sought reimbursement from Medicaid for services provided to disabled and elderly residents in their homes. It is alleged in the indictment that defendants Hayes and Watkins conspired to defraud the Medicaid Program by making materially false, fictitious and fraudulent statements and representations in order to obtain Medicaid reimbursement for services that were

---

[1] This last argument is without merit because in a separate trial of defendant Watkins, only Count 1 would be at issue. The other Counts would not even be mentioned and there would be no need to call defendant Hayes to exculpate defendant Watkins.

not provided or were provided by unauthorized or unqualified persons. Clearly the indictment alleges a factual interrelationship and joinder is therefore proper.

"When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 577; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 116 S.Ct. 581 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. at 449, quoting Bruton v. United States, 391 U.S. 123, 134 (1968); United States v. Cadwell, 864 F.2d 71, 73-74 (8th Cir. 1988). The court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. Very often relevant factors cannot be fully evaluated until during trial, e.g., the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly. United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. See also Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991). Likewise, severance is not required: If the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." United States v. Garret, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial per se." Zafiro, 506 U.S. at 538.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

A joint trial would not deprive defendant of her right to ten peremptory jury challenges. Defendant has no such unqualified right. Rule 24(b) of the Federal Rules of Criminal Procedure states that "the defendant or defendants jointly [are entitled] to ten peremptory challenges." (emphasis added) In addition, the evidence in this case is not complex or confusing such that the jury will be unable to make a determination about the separate guilt of each defendant.

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify. An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance. The Supreme Court held in Bruton v. United States, 391 U.S. 123 (1968), that in a trial where two or more defendants are tried jointly, the admission of a non-testifying co-defendant's confession that expressly implicates the defendant violates the defendant's Sixth Amendment confrontation rights, even if the district court gave the jury limiting instructions to consider the confession only against the co-defendant who confessed. Id. at 126; United States v. Melina, 101 F.3d 567 (8th Cir. 1996); United States v. Escobar, 50 F.3d

1414, 1422 (8th Cir. 1995). "If a co-defendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession. United States v. Flaherty, 76 F.3d 967, 972 (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)). In addition, Bruton does not apply at all when a co-defendant's statements do not incriminate the defendant either on their face or when considered with other evidence. Escobar, 50 F.3d at 1422.

Here, although defendant Watkins alleges defendant Hayes' statements incriminate her, the government denies that such statements exist and further denies the intention to use such statements at trial. The government is clearly aware of its duties under Bruton. If there are such statements and if such statements do, in fact, incriminate defendant Watkins, and if the government plans to use such statements at trial, the government will not oppose a motion for severance at the appropriate time.

Based on the foregoing and the case law set out above, the Motion for Severance will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendant Sharon Ann Johnson for Severance is **DENIED** without prejudice. [Doc. 29]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of July, 2005.